IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PAUL LEWIS ROBINSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 3:22-CV-00016-CAR-CHW |
| VS. | : | |
| | : | |
| JULIA HOLLEY, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER OF DISMISSAL

*Pro se* Plaintiff Paul Lewis Robinson, an inmate incarcerated at the Walton County Jail in Monroe, Georgia, filed a complaint seeking relief pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and his claim is **DISMISSED without prejudice** as explained herein.

I.  **DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)**

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time

he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Robinson v. Alcovy Judicial Circuit*, Case No. 3:17-cv-00113-CDL-CHW (M.D. Ga. Apr. 23, 2018) (dismissed for failure to state a claim); *Robinson v. Smith*, Case No. 3:20-cv-00067-CAR-CHW (M.D. Ga. Nov. 2, 2020) (dismissed for failure to state a claim); *Robinson v. Judge Ott*, Case No. 3:20-cv-00058-CDL-CHW (M.D. Ga. Apr. 15, 2021) (dismissed for failure to state a claim). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of

4

past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).

Nowhere in Plaintiff's complaint does he provide any specific facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g). When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), then the complaint is subject to dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).

## II. DISMISSAL PURSUANT TO 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff complains that the Defendant Julia Holley or Julia Roberts "[a]cting as [his] attorney appeared before Judge Foster did knowing permit [Plaintiff] to sign document without reading the [indecipherable]". ECF No. 1 at 5. Plaintiff claims that he "was unaware that [he] was pleading Guilty". *Id*.

42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). A criminal defense attorney, whether privately retained or court appointed, does not

act on behalf of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981). Public defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding. *Pearson v. Myles,* 189 F. App'x 865, 866 (11th Cir. 2006); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); s*ee also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law"). Thus, the Defendant attorney was not acting under color of state law in representing Plaintiff in his criminal proceedings and, therefore, is not liable under 42 U.S.C. § 1983. Accordingly, Plaintiff's claim is further subject to dismissal for failure to state a claim for which relief may be granted.[1]

### III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice.**

**SO ORDERED**, this __8th__ day of _____February_____, 2022.

___s/C. Ashley Royal_____
**C. Ashley Royal, Judge**
**United States District Court**

---

[1] Plaintiff also requests relief that is unavailable from this Court such as dismissal of his state charges. *See Lawrence v. Miami-Dade Cty. State Att'y Office*, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.").

4